**NORAM INVESTMENT SERVICES, INC., f/k/a Equity Securities Trading Company, Inc., Appellant,**

v.

**STIRTZ BERNARDS BOYDEN SURDEL & LARTER, P.A., Respondent,**

and

**Stirtz Bernards Boyden Surdel & Larter, P.A., Third–Party Plaintiff,**

v.

**Global Financial Group, Inc., a Colorado Corporation, et al., Third–Party Defendants.**

No. C5–99–2162.

Court of Appeals of Minnesota.

June 6, 2000.

Vincent D. Louwagie, Karlyn Vegoe Boraas, Fruth & Anthony, P.A., Minneapolis, for appellant.

Thomas J. Shroyer, Peter A. Koller, Mathew M. Meyer, Moss & Barnett, P.A., Minneapolis, for respondent.

Richard L. Klein, Willkie Farr & Gallagher, New York City, and Dale M. Wagner, Bassford, Lockhart, Truesdell & Briggs, P.A., Minneapolis, for amicus curiae American Institute of Certified Public Accountants.

Considered and decided by HARTEN, Presiding Judge, WILLIS, Judge, and SHUMAKER, Judge.

## OPINION

HARTEN, Judge

Appellant, a securities broker, alleges that the district court erred in granting

respondent, an accountant, summary judgment on appellant's claim for negligent misrepresentation. Because we conclude that respondent is not liable to appellant, we affirm.

## FACTS

Equisure, Inc., was required to file audited financial statements when it applied to have its stock listed on the American Stock Exchange (AmEx). It retained an accounting firm, respondent Stirtz Bernards Boyden Surdel & Larter, P.A. (Stirtz). Stirtz issued a favorable interim audit report that Equisure used to gain listing on the stock exchange.

Equisure later retained Stirtz to audit the financial statements required for Equisure's Form 10 filing with the United States Securities and Exchange Commission (SEC). Stirtz's auditor knew that the audit was for the SEC reports. Stirtz issued a "clean" audit opinion which, with the audited financial statements, was included in Equisure's SEC filing and made available to the public.

Appellant NorAm Investment Services, Inc., f/k/a Equity Securities Trading Company, Inc. (NorAm), a securities broker, began lending margin credit to purchasers of Equisure stock. These purchasers advanced only a portion of the purchase price; NorAm extended credit (a margin loan) for the balance and held the stock as collateral for the loan, charging interest on the balance.

When NorAm had loaned approximately $900,000 in margin credit, its president, Nathan Newman, reviewed Stirtz's audit report and the audited financial statements. Based on his review, NorAm extended over $1.6 million of additional margin credit to purchase Equisure shares.

When AmEx stock exchange stopped trading Equisure stock due to allegations of insider trading and possible stock manipulation, the stock became worthless. NorAm was left without collateral for over $2.5 million in margin loans. Stirtz resigned as auditor of Equisure and warned that its audit report might be misleading and should no longer be relied upon.

NorAm sued Stirtz for negligent misrepresentation, negligence and violation of the Minnesota Consumer Fraud Act. The district court denied Stirtz's motion to dismiss for failure to state a claim but granted Stirtz's subsequent motion for summary judgment, ruling that under the Restatement (Second) of Torts § 552, Stirtz was not liable to NorAm. NorAm appeals.

## ISSUE

Is an accountant liable under Restatement (Second) of Torts § 552 for negligent misrepresentation to a securities broker who relied on the accountant's report to extend margin credit?

## ANALYSIS

■ The district court shall grant summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that either party is entitled to judgment as a matter of law. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn. 1993). On appeal, this court must view the evidence in the light most favorable to the party against whom judgment was granted. *Id.*

■ The Restatement (Second) of Torts § 552 (1977) sets out the criteria for accountants' liability to third parties who rely on the accountants' negligent audits.

(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

(2) * * * the liability stated in Subsection (1) is limited to loss suffered

  (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and

  (b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.

Minnesota has adopted the Restatement approach. *See TCF Banking & Sav., F.A. v. Arthur Young & Co.*, 706 F.Supp. 1408, 1418 (D.Minn.1988); *Bonhiver v. Graff*, 311 Minn. 111, 122, 248 N.W.2d 291, 298–99 (1976) (applying the Restatement (Second) rule as it then existed in draft form).[1]

*Bonhiver* held that an accounting firm owed a duty of care to an insurance broker because a "chain of reliance" linked the firm, the state insurance commissioner who the firm knew would rely on its work product, and the insurance broker within the class of persons who should be protected by the commissioner's reliance. *Id.* at 126, 248 N.W.2d at 301. NorAm relies on *Bonhiver*, arguing that a similar chain links Stirtz, the SEC that Stirtz knew would rely on its work, and NorAm, which should be protected by the SEC's reliance. We disagree.

The chain of reliance here is several links longer than the chain in *Bonhiver*.

> It is not enough that the maker merely knows of the ever-present possibility of repetition to anyone, and the possibility of action in reliance upon it, on the part of anyone to whom it may be repeated.

Restatement (Second) of Torts § 552, cmt. h (1977). Unlike the insurance broker in *Bonhiver*, NorAm as a broker extending margin credit is not clearly in the class that should be protected by the SEC's reliance. "If that liability is to be drawn somewhere short of foreseeability, it must be drawn on pragmatic grounds alone." *Bonhiver*, 311 Minn. at 129, 248 N.W.2d at 302.

We conclude that Stirtz is not liable for the bad margin loans made by NorAm. As the district court observed, holding Stirtz liable to NorAm could lead to virtually unlimited liability.

## DECISION

As a matter of law, on these facts, Stirtz cannot be held liable to NorAm for its negligent misrepresentation.

**Affirmed.**

---

1. The Restatement presents a middle ground between two other rules: the traditional foreseeability rule, extending accountants' liability to all foreseeable users of their work, and the privity rule, restricting accountants' liability to those with whom they are in privity. *See TCF Banking*, 706 F.Supp. at 1417–18.